IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SONIA SANOGUET-VALENTÍN, et al.,

    **Plaintiffs,**

        v.

MUNICIPAL GOVERNMENT OF MAYAGÜEZ, et al.,

    **Defendants.**

CIVIL NO. 14-1182 (PAD)

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

    Plaintiffs initiated the action against the Municipality of Mayaguez and a number of municipal officials and employees in their official and individual capacities, claiming to have been dismissed from their employment because of their political affiliation and without due process of law in violation of Federal and Puerto Rico law (Docket No. 1).  On March 21, 2016, the court issued an Opinion and Order granting in part and denying in part defendants' Motion for Summary Judgment (Docket No. 70).  Before the court is defendants' "Motion for Reconsideration of Certain Court Determinations by Summary Judgment" (Docket No. 71), which plaintiffs opposed (Docket No. 82).  For the reasons below, the motion is GRANTED IN PART and DENIED IN PART.

    A.  **Liability of the Municipality of Mayagüez.**

    In the Opinion and Order, the court dismissed plaintiff Sanoguet's claims under the First Amendment as to all defendants, and plaintiffs Gonzalez' and Feliciano's First Amendment claims against defendants Rodríguez, Acevedo and Serrano in their individual capacities (Docket No. 70 at pp. 5-7). Defendants now move the court to reconsider its decision arguing that plaintiffs González' and Feliciano's claims against the Municipality should also be dismissed (Docket

Case 3:14-cv-01182-CVR   Document 89   Filed 02/02/17   Page 2 of 7

Sanoguet-Valentín, e*t al.* v. Municipal Government of Mayagüez, *et al.*
Civil No. 14-1182 (PAD)
Opinion and Order
Page 2

No. 71 at pp. 2-4). Essentially they assert that Mayor Rodríguez and Deputy Mayor Acevedo are the only defendants with final policymaking authority, and because the claims against these two defendants were dismissed, the Municipality cannot be held liable for the acts or omissions made by the remaining defendants. Id. at pp. 3-4. Plaintiffs counter that it is uncontested that defendant López, "as Director of the Head Start Program of [Mayagüez] was the person responsible for the implementation of the Lay-Off Plan[…]" (Docket No. 82 at p. 6); and as such, that "her actions indeed represented the official policy of the [municipality]." Id.

In general, municipalities are not vicariously liable under section 1983 for the actions of their non-policymaking employees. See, Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011)(citing, Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-404 (1997)). To establish municipal liability, a plaintiff must show that the violation occurred as a result of the Municipality's "policy or custom." See, Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013)(quoting, Monell v. Dept. of Soc. Servs. of the City of N.Y., 436 U.S. 658, 694 (1978)). "A single decision by a municipal policymaker constitutes official policy 'only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.'" See, Freeman, 714 F.3d at 38 (quoting, Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). Whether an official has final policy-making authority is an issue of law to be determined by reference to state and local law. See, Jett v. Dallas Independent School Dist., 491 U.S. 701, 737 (1989)(discussing principle); Walden v. City of Providence, R.I., 596 F.3d 38, 56 (1st Cir. 2010)(same).

Puerto Rico law gives mayors the ultimate authority over municipal hiring and firing decisions. See, Rodriguez v. Municipality of San Juan, 659 F.3d 168, 178 (1st Cir. 2011)(citing,

Case 3:14-cv-01182-CVR   Document 89   Filed 02/02/17   Page 3 of 7

Sanoguet-Valentín, e*t al.* v. Municipal Government of Mayagüez, *et al.*
Civil No. 14-1182 (PAD)
Opinion and Order
Page 3

P.R. Laws Ann. tit. 21 § 4109(o)).  Here, however, plaintiffs' claims hinge on the actions of municipal officials in connection with a layoff plan.  And it is uncontested that: (i) Mayor Rodríguez approved a Layoff Plan for the Head Start Program prior to submitting it to the Municipal Assembly of Mayaguez; (ii) the Municipal Assembly approved the Plan; (iii) the Deputy Mayor signed it; and (iv) defendant López was responsible for executing the Plan. See, Defendants' Statement of Uncontested Material Facts ("SUF") at ¶¶ 10-12.

Defendants claim that Mayor Rodríguez and Deputy Mayor Acevedo did not participate in the selection of the employees affected by the Layoff Plan or in its implementation, and that defendant Acevedo did not participate in plaintiffs' layoffs (despite signing their termination letters as Acting Mayor)(SUF at ¶¶ 13, 14, 141).  But it is unclear whether defendant López was vested with final authority regarding implementation of the Layoff Plan or if such authority remained with Rodríguez and/or Acevedo. Neither Puerto Rico law nor the record as it stands clearly answers these questions.  Given that there are genuine issues of fact as to whether defendant López' implementation of the Layoff Plan constituted final municipal policy, the court cannot rule in defendants' favor on this issue at this point.  See, Acevedo-Garcia v. Vera-Monroig, 30 F.Supp.2d 141, 151–52 (D.P.R. 1998)(*aff'd in part* 204 F.3d 1 (1st Cir. 2000))(denying summary judgment due in part to genuine issues of fact as to whether mayor's implementation of a layoff plan constituted final municipal policy).  Thus, the court must DENY defendants' request for the dismissal of plaintiffs González' and Feliciano's claims against the Municipality.

B. **Law 100.**

Citing Rodríguez-Sostre v. Municipio de Canóvanas, 203 F.Supp.2d 118 (D.P.R. 2002), the court dismissed plaintiffs' claims against the Municipality and defendants in their official

Case 3:14-cv-01182-CVR   Document 89   Filed 02/02/17   Page 4 of 7

Sanoguet-Valentín, e*t al.* v. Municipal Government of Mayagüez, *et al.*
Civil No. 14-1182 (PAD)
Opinion and Order
Page 4

capacities under Law 100 of June 29, 1959, P.R. Laws Ann. tit. 29 § 146 (Docket No. 70 at p. 7). The defendants argue that the court did not specifically address the Law 100 angle in their individual capacity, and request that the Law 100 claims against them in that capacity be dismissed (Docket No. 71 at pp. 4-5).

Law 100 is Puerto Rico's general employment discrimination statute. See, Rodríguez-Torres v. Caribbean Forms Manufacturer, 399 F.3d 52, 60 (1st Cir. 2005)(so characterizing the statute); Salgado-Candelario v. Ericsson Caribbean, 614 F.Supp.2d 151, 176 (D.P.R. 2008)(same). Its main objective is to protect employees in the private sector from discrimination. See, Huertas-Gonzalez v. University of Puerto Rico, 520 F.Supp.2d 304, 314 (D.P.R. 2007)(so observing), citing, Rodríguez-Cruz v. Padilla Ayala, 125 D.P.R. 486, 508 (1990), 1990 WL 657 488 (Official English Translation). Via exception, it applies to agencies or instrumentalities of the Government of Puerto Rico that operate as private businesses. Id. For the same reason, it has been held inapplicable to municipalities. See, Acevedo-Torres v. Municipality of Arecibo, 857 F.Supp.2d 231, 237 (D.P.R. 2012)(so holding).

Turning from the employing entity to the individuals employed by it, in Rosario Toledo v. Distribuidora Kikuet, 151 D.P.R. 634, 645 (2000), the Puerto Rico Supreme Court explored the contours of individual liability under Law 100, allowing personal liability to be imposed on the owner, majority stockholder and president of a private corporation pursuant to Law 100, Law 17 of April 22, 1988, P.R. Laws Ann. tit. 29 § 155, and Law 69 of July 6, 1985, P.R. Laws Ann. tit. 29 § 1321, for the sexual harassment he inflicted on an employee that he supervised. On reconsideration, it held that under the original opinion, pursuant to Law 17 liability is not limited to the real employer or owner of the enterprise, but extends without distinction, to any person

Case 3:14-cv-01182-CVR   Document 89   Filed 02/02/17   Page 5 of 7

Sanoguet-Valentín, e*t al.* v. Municipal Government of Mayagüez, *et al.*
Civil No. 14-1182 (PAD)
Opinion and Order
Page 5

responsible for the illegal conduct. Rosario Toledo v. Distribuidora Kikuet, 153 D.P.R. 125, 131 (2001).[1]

In Kikuet, the individual defendant worked for a private, for-profit entity whereas here, the individual defendants are employed by the Municipality of Mayaguez, an entity not subject to Law 100. Extending the Kikuet holding under Law 100 to encompass claims against individual defendants working for public entities that do not operate as private businesses, would reach beyond what the Supreme Court of Puerto Rico held in that case. And, it would dramatically expand the scope of Law 100, contrary to the legislative intent of protecting employees in the *private sector* (or employees working in governmental agencies or instrumentalities that operate as private businesses or enterprises).

On this reading, the court is persuaded that Law 100 does not apply to individuals employed by entities not covered by the statute. See, Márquez-Ramos v. Puerto Rico, 2012 WL 1414302, *11 (D.P.R. April 2, 2012)(concluding that individuals may be liable under Law 100 provided they are employed by a covered entity); Huertas-González, 520 F.Supp.2d at 314-315(dismissing Law 100 claim against defendant employed by the University of Puerto Rico, for the University is not a government entity subject to the statute).[2] So Law 100 does not apply to municipal employees. See, Cotto v. Municipality of Aibonito, 2012 WL 1110177, * 18 (D.P.R. April 2, 2012)(so

---

[1] The Kikuet case dealt with allegations of sexual harassment. The somewhat ambiguous language in the original and reconsideration opinions have led to a split of authority on whether they permit individual liability to be imposed under Law 100 outside of that context. See, Bonilla-Ramírez v. MVM, 2016 2992106, *4-5 (D.P.R. May 23, 2016)(analyzing the ambiguity of the Kikuet opinions). Nevertheless, the consensus among courts in this District is that Law 100 should be read to recognize individual liability. Id. at * 5.

[2] The court notes that a sister court in this District has held that Kikuet applies to all individual defendants irrespective of whether they work for a covered entity. See, Torres-Santiago v. Alcaraz-Emmanuelli, 553 F.Supp.2d 75, 86 (D.P.R. 2008)(collecting sister court's rulings). Considering the text and purpose of Law 100, the court respectfully declines to follow those rulings.

Case 3:14-cv-01182-CVR   Document 89   Filed 02/02/17   Page 6 of 7

Sanoguet-Valentín, e*t al.* v. Municipal Government of Mayagüez, *et al.*
Civil No. 14-1182 (PAD)
Opinion and Order
Page 6

holding); Acevedo-Torres, 857 F.Supp.2d at 237(same).  As such, plaintiffs' causes of action against defendants in their individual capacity under Law 100 must be DISMISSED.

### C. Sections 1, 4, 6 and 7 of Article II of the Puerto Rico Constitution.

Lastly, the defendants request that the court dismiss plaintiffs' procedural due process and political discrimination claims brought under the Puerto Rico Constitution because the court had dismissed the analogous claims brought under the U.S. Constitution.  Plaintiffs, for the most part, do not object to the dismissal of such claims (Docket No. 82 at pp. 8-10).  They, however, object to the dismissal of plaintiffs Gonzalez' and Feliciano's political discrimination claims against the municipality for the same reason their claims under the First Amendment against the municipality should remain. Id. at p. 9. The court agrees.  Thus, plaintiffs Gonzalez' and Feliciano's political discrimination claims under Section 1, 4, 6 of Article II of the Puerto Rico Constitution shall remain. All other claims against the defendants under the Puerto Rico Constitution will be DISMISSED.

### D. Conclusion.

In light of the foregoing, plaintiffs' "Motion for Reconsideration of Certain Court Determinations by Summary Judgment" (Docket No. 71) is GRANTED IN PART and DENIED IN PART, as follows:

1. Plaintiffs González' and Feliciano's political discrimination claims under Sections 1, 4, and 6 of Article II of the Puerto Rico Constitution against defendants Rodríguez, Acevedo and Serrano are dismissed;

Case 3:14-cv-01182-CVR   Document 89   Filed 02/02/17   Page 7 of 7

Sanoguet-Valentín, e*t al.* v. Municipal Government of Mayagüez, *et al.*
Civil No. 14-1182 (PAD)
Opinion and Order
Page 7

2. Plaintiffs González' and Feliciano's political discrimination claims under the First Amendment of the U.S. Constitution and under Sections 1, 4, and 6 of Article II of the Puerto Rico Constitution against the Municipality of Mayagüez remain;

3. Plaintiffs' claims under Section 7, Article II of the Puerto Rico Constitution are dismissed; and

4. Plaintiffs' claims under Law 100 against defendants in their individual capacities are dismissed.

The court's ruling as to all other claims remains as stated in the Opinion and Order at Docket No. 70.

**SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of February, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge